UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                             CRIMINAL ACTION NO. 5:24-cr-00059

MANNIE LAMAR TERRY

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Mannie Lamar Terry's Motion to Reconsider Post-Conviction Bond [ECF 40], filed July 15, 2024.

**I.**

On April 9, 2024, an Indictment was returned against Mr. Terry charging him with two counts of distributing a quantity of fentanyl in violation of 21 U.S.C. § 841(a)(1). On April 30, 2024, the Honorable Omar J. Aboulhosn, United States Magistrate Judge, held both an arraignment and detention hearing. Judge Aboulhosn found Mr. Terry failed to rebut the presumption under 18 U.S.C. § 3142(e)(3)(A) that no condition or combination of conditions would reasonably assure his appearance and the safety of the community given probable cause indicated he committed an offense carrying a maximum term of imprisonment of ten (10) years or more under the Controlled Substance Act. Mr. Terry was thus detained pending trial. On July 2, 2024, Mr. Terry pled guilty to distributing a quantity of fentanyl in violation of 21 U.S.C. § 841(a)(1) as charged in Count One of the Indictment.

On July 15, 2024, Mr. Terry filed a Motion to Reconsider Post-Conviction Bond [ECF 40], to which the Government responded in opposition [ECF 45] on July 31, 2024. On

August 9, 2024, the Court held a hearing on the Motion. Mr. Terry testified the conditions of his confinement at Carter County Correctional Facility are unsanitary, he is not being properly medicated for his health conditions, and he has had difficulty participating in his state court abuse and neglect case. Mr. Terry requested he be released on bond, which would permit him to participate in drug rehabilitation as part of his family case plan in the abuse and neglect proceedings, or, alternatively, that he be relocated to the Southern Regional Jail. The Court also heard testimony from Child Protective Services Worker Brittany Bennet, who is assigned to Mr. Terry's abuse and neglect case. She testified no family case plan with a drug rehabilitation caveat had yet been instituted in the abuse and neglect proceedings. The Government thus opposed release on that basis and asserted the seriousness of the distribution offense, coupled with Mr. Terry's history of failing to appear for court proceedings all supported continued detention. The Court held its ruling in abeyance pending issuance of a written order.

## II.

A defendant ordered detained by a magistrate may seek *de novo* review in the district court. *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curium) (unpublished); *United States v. Cutter*, 637 F. Supp. 2d 348, 350 (W.D.N.C. 2009).

Section 3142 governs the release or detention of a defendant pending trial. There is a presumption of detention under 18 U.S.C. § 3142(e)(3), which provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—

> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act (21 U.S.C. 801 et seq.) . . .
>
> . . . .

18 U.S.C. § 3142(e)(3)(A). "Absent a rebuttable presumption in favor of detention, '[p]ursuant to 18 U.S.C. § 3142(b) & (c), the Court must order the pretrial release on bond of a person, subject to certain specified statutory conditions, unless the court finds that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person and the community.'" *United States v. Clay*, No. 2:21-MJ-00069, 2021 WL 1553822, at *2 (S.D.W. Va. Apr. 19, 2021) (citing *United States v. Covington*, No. 2:14-CR-00006, 2014 WL 504880, at *4 (S.D.W. Va. Feb. 7, 2014) (Johnston, J.)). "Assuming that Defendant successfully rebutted the presumption for detention (or that such presumption did not apply in the first place), the question thus becomes whether the Government proved that no condition or combination of conditions would reasonably assure the appearance of Defendant as required or the safety of any other person or the community." *Covington*, 2014 WL 504880, at *6 (S.D.W. Va. Feb. 7, 2014) (evaluating the record pursuant to the factors set forth in 18 U.S.C. § 3142(g) after the defendant successfully rebutted the presumption of detention). If the presumption arises and the movant offers sufficient evidence to rebut it, the court considers the following factors bearing on release:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—

3

>    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

As noted, as a result of his guilty plea, Mr. Terry stands convicted of distributing a quantity of fentanyl in violation of 21 U.S.C. § 841(a)(1), which carries a maximum term of imprisonment of twenty (20) years under the Controlled Substance Act. His conviction thus triggers the rebuttable presumption earlier recited under 18 U.S.C. § 3142(e)(3)(A). Mr. Terry has again failed to offer sufficient evidence to rebut the presumption. Indeed, there is currently no family case plan in place in his abuse and neglect proceedings requiring him to participate in drug rehabilitation treatment, nor has he offered any other sufficient release plan. Even assuming rebuttal, however, the § 3142(g) factors clearly do not support release. First, respecting the nature and circumstances of the offense, Mr. Terry distributed quantities of fentanyl -- a potent and incredibly dangerous controlled substance -- and now faces up to twenty (20) years in prison.

Second, respecting the weight of the evidence, the same is obviously strong inasmuch as Mr. Terry has pled guilty to the offense. Third, as to his history and characteristics, Mr. Terry has a lengthy criminal history, which includes convictions for assault with intent to do great bodily harm less than murder, numerous possession of controlled substance offenses, carrying a dangerous weapon with unlawful intent, firearms – larceny, firearms – reckless use,

prostitution/accept earnings, and fleeing and obstructing. Additionally, he has failures to appear from 2009, 2011, 2012, 2013, 2019, and twice in 2020. Given his concerning record, combined with his failures to appear and the seriousness of the underlying offense, it is evident he poses a danger to the community. Consequently, he fails to rebut the presumption of detention under 18 U.S.C. § 3142(e)(3)(A). No condition or combination of conditions will reasonably assure his appearance or community safety.

Lastly, while Mr. Terry's allegations with respect to the unsanitary conditions and his lack of medical treatment at Carter County Correctional Facility are concerning, Mr. Terry is no longer detained there inasmuch as he was transferred to the Southern Regional Jail after the Motion hearing on August 9, 2024. His transfer thus moots those concerns.

### III.

Based on the foregoing, the Court **DENIES** Mr. Terry's Motion to Reconsider Post-Conviction Bond. [**ECF 40**].

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: August 16, 2024



Frank W. Volk
United States District Judge